UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF TUKOYO MOORE, *et al*,          Case No. 21-12267

    Plaintiffs,                                           F. Kay Behm
v.                                                    United States District Judge

CITY OF WARREN, *et al*,

    Defendants.
_____ /

## ORDER FOR SUPPLEMENTAL BRIEFING

The court has reviewed the parties' submissions regarding their cross-motions for summary judgment and Plaintiffs' motion to dismiss the counterclaim (ECF Nos. 53, 60, 63) and **ORDERS** the parties to submit supplemental briefs on the following issues.

    A.     As to Plaintiffs' Fifth Amendment Takings Clause claim, Defendants move under Rule 12(b)(6) but rely on evidence outside the amended complaint. Should the court convert this aspect of Defendants' motion to a motion for summary judgment under Rule 56? *See Wershe v. City of Detroit*, 2023 WL 6096558, at *3 (E.D. Mich. Sept. 18, 2023) ("Generally, if a court considers matters outside of the pleadings, the motion must be converted into one for summary judgment under Rule 56.") (citing *Ashh, Inc. v. All About It, LLC*, 475 F. Supp. 3d

1

676, 679 (E.D. Mich. 2020)).  Do Defendants contend that the documents cited fall into an exception such that the motion need not be converted?  Do Plaintiffs feel they need to provide any supplemental response if the motion is converted?

      B.     Defendants claim have followed the procedure under Mich. Comp. Laws § 333.7523, which on its face, only applies to properly valued under $50,000.  The value of the property here exceeds $50,000.  If the procedure set forth in Mich. Comp. Laws § 333.7523 is not the applicable process to be followed in forfeiture cases where the value of the property exceeds $50,000, what is the appropriate procedure, was it followed here, and has it been completed?

      C.     "'[I]t is well settled that only admissible evidence may be considered by a trial court in ruling on a motion for summary judgment.'" *See Wiley v. United States,* 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988)); *see also Daily Press, Inc. v. United Press Int'l,* 412 F.2d 126, 133 (6th Cir. 1969) (stating that hearsay evidence cannot be considered on a motion for summary judgment).  Evans testified that Moore regularly counted the money in front of her and the last time he counted it in front of her was about a week before his murder.  (ECF No. 60-6, pp. 19-20).  At that time, Moore said it totaled $200,000.  (ECF No. 60-6, p. 55).  Is Moore's statement inadmissible hearsay?  *See e.g., Madison America, Inc. v. Preferred*

*Med. Sys., LLC,* 548 F. Supp. 2d 567, 577 (W.D. Tenn. 2007) (finding that a witness' deposition testimony regarding statements from his conversations with prospective customers were inadmissible hearsay and could not be considered in ruling on a motion for summary judgment); *Kouider on behalf of Y.C. v. Parma City Sch. Dist. Bd. of Educ.,* 480 F. Supp. 3d 772, 782 (N.D. Ohio Aug. 19, 2020) (holding that a witness' deposition testimony regarding a specific statement from a conversation with her sister was inadmissible hearsay and could not be considered in ruling on a motion for summary judgment).

Additionally, the court **ORDERS** Defendants to provide record citations or supporting evidence for the following factual assertions:

1. Having received no written claims, this currency was removed from the Warren Police Department Property Room and delivered to the City of Warren Treasurer where it was again counted and placed into the custody of the Treasurer pursuant to Mich. Comp. Laws § 333.7523(d) and § 333.7524(b).

2. The Estate of Tukoyo Moore was not filed until December 8, 2020, which was after completion of the forfeiture publication.

3. All property listed in ¶ 11 of the amended complaint is classified as "Evidence" pursuant to Procedure 20-47.

4.     There has been no determination by the Prosecuting Attorney that the property has no evidentiary value, a determination by a court of competent jurisdiction, or the Officer in Charge with approval of the Commissioner.

**The supplemental briefs are due by Friday January 19, 2024 and may not exceed 15 pages in length**.

**SO ORDERED**.

Date: January 16, 2024                    <u>s/F. Kay Behm</u>
                                          F. Kay Behm
                                          United States District Judge